IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRITTON DUANE MCKENZIE,

                Plaintiff,

v.

JEFFERSON COUNTY
and STATE OF WISCONSIN,

                Defendants.

OPINION AND ORDER

20-cv-93-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Britton McKenzie filed this proposed civil action under 42 U.S.C. § 1983, alleging that the Circuit Court for Jefferson County, Wisconsin incorrectly and unfairly ordered him to enroll in the sex offender registry after he pleaded guilty to lewd and lascivious behavior in 2012. Because plaintiff is proceeding without prepayment of the filing fee, his amended complaint must be screened under 28 U.S.C. § 1915(e) to determine whether his complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief. Having read the allegations of the amended complaint generously, as I am required to do for pro se litigants, Haines v. Kerner, 404 U.S. 519, 521 (1972), I conclude that his claims must be dismissed without prejudice because they are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994).

OPINION

      Plaintiff alleges in his complaint that on January 26, 2012, he was sentenced in the Circuit Court for Jefferson County to three years probation for a misdemeanor charge of lewd

1

and lascivious behavior and ordered to enroll in Wisconsin's sex offender registry. Plaintiff also alleges that the circuit court erred because individuals convicted of lewd and lascivious conduct are not required to be placed on the sex offender registry and he has been treated differently from others convicted of the same crime.

Plaintiff cannot bring any claim under 42 U.S.C. § 1983 challenging his sentence because such claims are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). Heck prohibits a plaintiff from bringing claims for damages if judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." Id. Under Heck, a plaintiff cannot bring any claim for damages under § 1983 challenging a criminal conviction, revocation of probation or the duration of his confinement or supervised release unless the plaintiff has prevailed in a habeas corpus proceeding challenging the conviction or duration of his confinement or supervised release. Id.; Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003) (application of Heck to "fact or duration" of parole). The rule in Heck applies even if it is too late for plaintiff to seek collateral relief through a state habeas petition challenging the extensions of his supervised release, so long as plaintiff could have sought collateral relief earlier but failed to do so in a timely manner. Burd v. Sessler, 702 F.3d 429, 436 (7th Cir. 2012).

In this instance, plaintiff has neither established the invalidity of his sentence by showing that he prevailed in a habeas corpus proceeding nor shown that he was unable to challenge his sentence in state court. Accordingly, plaintiff cannot bring a challenge to his sentence under § 1983. In addition, this court cannot convert plaintiff's action into one for habeas corpus on its own motion. The Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the

2

court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing Heck, 512 U.S. 477). Therefore, plaintiff's claims will be dismissed without prejudice. Although plaintiff may raise his claims in a petition for a writ of habeas corpus, he should be aware that such a petition would have to be dismissed immediately unless he can show that he has presented his claims to the Wisconsin courts and has been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, § 2254(b)(1)(B).

ORDER

IT IS ORDERED that plaintiff Britton McKenzie's claims challenging his sentence are DISMISSED without prejudice under Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Entered this 7th day of April, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge